Mr. Chief Justice Johnsow, delivered the opinion of the Court. The plaintiff in error contends that inasmuch as the defendant did not file his allegations and interrogatories on or before the return day of the writ, he was no longer legally bound to appear to the action, and that consequently any judgment rendered in his favor subsequently was wholly unauthorized and void. Tins is the substance of his argument, and we will now proceed to examine the grounds of it, and to determine whether it is tenable or not. The proceeding by garnishment under our statute is assimilated to the proceeding in civil actions at the common law. The writ goes out first and the declaration is required to be filed within a specified time. It cannot be contended that the jurisdiction of the court can be in any manner dependent upon the fact whether a declaration shall be filed or not within the time prescribed by law. The moment the writ is legally served upon the party, the court to which it is returned acquires jurisdiction of his person, and it is not in his power afterwards to extricate himself until he shall be regularly discharged. The principle is precisely the same in this action. True it is that the language of the statute is imperative that the plaintiff shall on or before the return day of such writ prepare and file all the allegations and interrogatories in writing; but suppose he shall fail to do so, is he of necessity and at all events to lose the entire benefit of his writ? We think not. Let us suppose that the judge from some cause shall fail to hold the court at the return term of the writ, in such case it is manifest that the plaintiff is not bound to appear and file his allegations and interrogatories, nor is the defendant required to file his answer under such circumstances, as the facts which might be put in issue could not be adjudicated and consequently no real good could result to either party. It most unquestionably never could have been the intention of the statute, that, in case the plaintiff should fail to file his allegations and interrogatres on the return day of the writ, the defendant should be no longer legally liable to appear to the action. Neither has the defendant any just cause to complain, as it is his right to move a dismissal of the suit immediately after the expiration of the return day, and in case the plaintiff shall be unable to show good cause for such failure the motion will necessarily succeed. The language of the statute though imperative in its terms in respect to the filing of the allegations and interrogatories and also of the answer of the garnishee, must of necessity confer upon the court a sound legal discretion over the whole matter; and to enable it, upon good cause shown by either party to extend the time within such limits as not materially to affect the legal rights of either. When a party is once legally in court therefore under this writ, he is not at liberty to withdraw himself from its jurisdiction until he is regularly discharged in due course of law. The writ issued in this case was in due form and executed in accordance with the statute, and more than three days had elapsed from the filing of the allegations and interrogatories before the rendition of the judgment. The defendant was consequently in default, and the Circut Court committed no error in rendering the judgment which it did against him. The judgment is therefore in all things affirmed.